UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
JOHN DOE, SEX OFFENDER REGISTRY  )
BOARD NO. 21634,                 )
          Plaintiff,             )
                                 )   Civil Action No.
     v.                          )   20-11359-DPW
                                 )
SEX OFFENDER REGISTRY BOARD,     )
          Defendant.             )
```

MEMORANDUM AND ORDER
July 23, 2020

On July 17, 2020, a *pro se* plaintiff, styling himself John Doe, filed this lawsuit claiming an appeal from a decision of the Massachusetts Supreme Judicial Court.  *Doe v. Sex Offender Registry Board*, 484 Mass. 1046  (May 15, 2020) (affirming judgment of single justice dismissing Doe's complaint seeking relief from his obligation to register with the Sex Offender Registry Board).  Doe contends that the state court's decision is erroneous and violates his constitutional rights.

The *Rooker-Feldman* doctrine deprives this court of subject matter jurisdiction over Doe's challenge to the state court judgment.  See *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  "Under the *Rooker-Feldman* doctrine, 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Tyler v. Supreme Judicial Court of Massachusetts*,

914 F.3d 47, 50 (1st Cir. 2019) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)).  The only federal court with authority to afford direct review of such a final judgment by a state court is the United States Supreme Court.  *Silva v. Massachusetts*, 351 Fed.Appx. 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'" (quoting *Lance*, 546 U.S. at 463)); *see also Davison v. Gov't of P.R.-P.R. Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment.").

    Here, Doe seeks federal district court review of the state court ruling because he believes that the ruling is erroneous and injurious to him.  However, the *Rooker-Feldman* doctrine deprives this court of jurisdiction to provide Doe the relief he seeks.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

    Accordingly, it is hereby Ordered that this action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

The Clerk shall enter a separate and final order of dismissal.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE